[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter has come before the court as an Amended Motion for Contempt post judgment (#180) filed by the defendant herein seeking relief from this court, including interest and attorney's fees, due to the plaintiff's failure to abide by the terms of the original judgment dissolving the marriage of the parties. Specifically, the defendant claims that the plaintiff has failed to provide her full forty (40%) percent share of private school tuition for the minor children for the academic years 1997-98, 1998-99, 1999-2000, and 2000-2001. In addition, the defendant has renewed his Motion for Contempt dated 7-15-99 (#163) alleging that the plaintiff has failed to return certain items of personal property having a claimed value of approximately $14,000, and seeks a monetary award, including attorney's fees, compensating him for the value thereof. The court heard the parties over portions of two days. Subsequent to the hearing, the Connecticut Appellate Court rendered a decision on an appeal by the plaintiff from previous orders of this court, which renders the question before this court moot in part, to wit: the claim by the plaintiff that she has no obligation to pay her CT Page 13439 share of the tuition for academic year 1998-99. Baugher v. Baugher,63 Conn. App. 59 (2001). No appeal was taken from this decision. The plaintiff has made some payments toward tuition for the various years, and, in addition, claims a $6,000 credit toward the 1998-99 year for payments made to or on behalf of the children in academic year 1997-98. This claim has already been ruled on at a previous hearing before Judge Harrigan, who ruled it inadmissable. (TR. 1-19-99, page 47)
By way of background, the parties were divorced by final decree of the Supreme Court of New York, Westchester County on February 26, 1998. Sole custody of the parties' four minor children was awarded to the plaintiff. Certain orders were entered regarding the division of property and the education of the children. The New York decree was registered by the plaintiff in Connecticut on June 29, 1998, and has since been the subject of considerable litigation between the parties. On June 10, 1999, after hearing, custody of the minor children was modified so that the parties had joint legal custody with primary residence with the defendant father. The New York decree has not been modified with regard to the obligation of both parents to contribute to the private school costs.
 FINDINGS
The court having heard the testimony of the parties, considered the evidence, and having taken into consideration the provisions of Sections46b-86 and 46b-87, finds as follows:
 1. That under the provisions of the original decree dissolving the marriage of the parties, the plaintiff is obligated to contribute 40% of the tuition and costs of a private school education of each of the minor children, who are enrolled in a private school, commencing with the academic year 1997-98 and all subsequent years during the minority of each.
 2. That the terms of said decree regarding the obligation to pay tuition have not been modified.
 3. That the plaintiff is no longer the sole custodian of the minor children; that the primary residence of the children is with the defendant; that both parties should consult with each other regarding the education of the minor children, but the ultimate decision as to whether or not to enroll them in private school rests with the defendant; CT Page 13440 and that, absent a modification of the existing orders, the obligation to contribute to the tuition and costs is ongoing.
 4. That the payment of private school tuition is in the nature of child support; and that a retroactive modification of the existing obligation would be impermissible.
 5. That, taking into effect the previous contributions of the plaintiff, except the $6,000 paid during the academic year 1996-97, there is an outstanding obligation on the part of the plaintiff as of the date hereof to pay Greenwich Country Day School the total sum of $37,528.34.
 6. That the plaintiff's failure to pay same was not willful and without good cause for the academic years 1997-98, 1999-2000 and 2000-2001; in that she has made partial payments thereon; because she had a belief that she had no obligation to pay for years subsequent to 1997-98, and because the issue was, in part, on appeal to the Appellate Court. (The court having previously found that the plaintiff was not in contempt for the year 1998-99. See pleading #139.) Nevertheless, the court finds that she is in breach of the orders of the court, the cure for which is the payment of the sums specified in this order, together with any interest which may accrue thereon subsequent to the date of this order.
 7. That the issue of attorney's fees should be left to a later date when the parties shall have the opportunity to present evidence of their respective financial abilities, and the defendant shall present evidence of his legal fees and costs and the court shall have the opportunity to determine the reasonableness thereof
 8. That under the terms of the initial decree of the Supreme Court for Westchester County, New York, as clarified, the plaintiff was ordered to "deliver to the defendant any of his personal effects which may be in the plaintiff's possession" that no credible evidence was presented to the court by the CT Page 13441 defendant that the plaintiff had in her possession the specific items of personal property for which he seeks compensation or that she has wilfully and without good cause failed to return same pursuant to the decree; and that therefore no finding of contempt is made as to this claim.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The plaintiff pay to the Greenwich Country Day School the sum $37,528.34, together with any interest accrued thereon subsequent to the date hereof as follows: $15,000 on or before November 1, 2001, and commencing December 1, 2001 and monthly thereafter the sum of $1,000 until the same shall be paid in full;
 2. The court shall reserve jurisdiction with regard to any issues which may arise concerning the implementation and/or interpretation of these orders, and the award of attorney's fees and costs, if any.
THE COURT
SHAY, J.